Let's call the first case. It is 21-1144, Seale v. Peacock, and Mr. Ellis, you may go for the appellant when you're ready. Thank you, Your Honor. May it please the court, my name is Jared Ellis, and I represent the appellant, Brian Seale, in this case. We're here today because we are asking this court to reverse the magistrate judge's order dismissing Mr. Seale's claims against the defendant with prejudice and the magistrate's ruling refusing to permit Mr. Seale to substitute the defendant on behalf of other unnamed defendants. Mr. Seale brought suit asserting claims under the Stored Communications Act and the common law after he discovered that his CTM account, which is an account used by real estate brokers to manage client information, communications that contains a large amount of confidential client information, had been accessed by the defendant in December of 2018. Mr. Seale also brought claims under the common law alleging that a series of mailings had been sent to his friends and colleagues that contained defamatory and embarrassing personal information about him. The magistrate judge dismissed Mr. Seale's claims against the defendant largely because she found that Mr. Seale had failed to allege actual damages stemming from the accessing of his CTM account. The magistrate judge also denied Mr. Seale's request to substitute the defendant as the responsible defendant for the claims based on the mailings because she found that his motion to do that was untimely. We believe that this court should reverse for three reasons, which we've articulated in our briefs, but primarily because the magistrate erred in determining that Mr. Seale's claim under the Stored Communication Act required him to plead actual damages in the state of claim, that the magistrate applied an erroneous legal standard in denying his motion to amend, treating it as one that was filed after the deadline when in fact it was filed seven days before the deadline, and because the magistrate dismissed his claims with prejudice without making any finding that amendment would be futile. I'm going to focus on the most obvious issue for reversal, and that is the first issue involving the Stored Communication Act. I am happy to... The text of the statute talks about actual damages or ill-gotten profits, and that seems fairly definitive. Why doesn't that require some pleading requirement for some damages, some injury? Well, Your Honor, I think turning to the statutory language, I think the main answer to your question involves the use of the word may in the statute because the way that the damages provision under the Stored Communication Act is written, it says the court may assess its damages in a civil action under this section. The sum of the actual damages suffered by the plaintiff and any profits made by the violator. That discretionary language leaves the court flexibility in terms of the remedy that it's allowed to grant under the statute, and in fact, the statute in subsection B provides that there are other forms of relief that can be granted. These would include, of course, equitable or declaratory relief and reasonable attorney fees and costs. So for that reason, the statute, we do not believe is limited to an award of actual damages or... Well, but the language of the statute says it does say the court may assess, but then it says the actual damages suffered by the plaintiff. I mean, that seems pretty clear that what the court may award are actual damages that were actually suffered. I think it's important to contrast this with the language that most of the courts that have held that actual damages are required under the statute rely on the Supreme Court's interpretation in DOE of the Privacy Act. And in DOE, the Privacy Act provides that it uses the restrictive language shall. And the way that the court interpreted that in DOE is the shall language requires an what damages can be recovered under the statute. This does say that the court may award actual damages, but it doesn't necessarily restrict the court forwarding actual damages. And as I pointed out under subsection B, there are other forms of relief that are available to a party that demonstrates a violation of the Stored Communication Act. I'd like to... I'm sorry, but I am not persuaded about the may and shall because the language says the court may, and then it says precisely what the court may award. And those are actual damages suffered by the plaintiff. So how do I get around that plain language? Well, I mean, I think that if the distinction between may and shall is not persuasive to you, I think the distinction is an important one, and that it would not make sense to interpret statutes that contain those two different words in the same way. But I think you can also look at subsection A of the Stored Communications Act, because what that section provides, it describes the cause of action that's created by the Stored Communication Act. And what it says is that any person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind, may in a civil action, recover from the person or entity which engaged in that violation, such relief as may be appropriate. And I think that that language in subsection A combined with the may language in subsection C indicates that the relief afforded under the Stored Communication Act is not necessarily limited to actual damages. And if you read that, of course, in combination with subsection B, which describes the relief that's afforded, the relief is somewhat broader than just actual damages. It's damages. Yes, it's broader because you can get a preliminary or other equitable or declaratory relief, and you can get attorney's fees. But when it refers to damages as the appropriate relief available, it cross-references to subsection C. So we're right back in that language. And so I think, you know, reading those sections together, my response, Your Honor, is reading those sections together, the court does have discretion under the Stored Communications Act that it doesn't under other statutes like the Privacy Act to award statutory damages in the absence of actual damage. But setting that argument aside, and I understand that you're, you don't find that argument persuasive. The one thing that federal courts are unanimous on is that attorney fees and punitive damages can be recovered under the Stored Communication Act without proof of actual damages. And this includes the courts who have held that statutory damages cannot be recovered without actual damages. In fact, the Van Alstyne case from the Fourth Circuit, which is kind of the leading case on that line of authority, held that attorney fees and punitive damages can be recovered without actual damages. And the reason that that's I have two questions there. You didn't specifically ask for punitive damages in the complaint. Aren't you required to do that? Well, I don't believe we are, Your Honor. And what we did say is in our claim under the Stored Communication Act, we said we requested relief under 18 USC 2707 C, which is the provision that allows for an award of punitive damages. And in the same we alleged that the violation was intentional and knowing, which is the grounds for punitive damages under the statute. Since the rule is notice pleading, I think that that language is sufficient to put both the, to put the other party on notice that there's a claim for punitive damages. But setting that aside, there's certainly no question that the complaint in the prayer for relief specifically asked for an award of attorney fees and costs, and that alone should be sufficient to sustain the claim. Attorney fees and costs first have to have a violation, right? You have to be the prevailing party, right? That's correct, Your Honor. So if we were to say that you have to show actual damages and we were to say that your claim for punitives is waived, would you have a freestanding right to attorney's fees? I believe we would. And the reason for that is if you look at the well, I guess there's two reasons. First, the Van Alstyne case and that line of cases, they're clear that you don't have to recover actual damages in order to recover attorney fees under the statute. In other words, if you prove a violation of the statute, you would still be entitled to recover attorney fees regardless of whether or not you can prove actual damages. But secondarily, the subsection of the statute describing relief sets apart damages and attorneys. It contains separate numerical headings under subsection B for damages, that's B2, and for a reasonable attorney fee and other litigation costs incurred, that's subsection 3. So my response would be that we are entitled to recover attorney fees even if there's not proof of actual damages. And is that discretionary or is the court required to award attorney fees? Well, I think reading the language of subsection C, I think it's discretionary. It seems to me like you still have to be a prevailing party in some sense. And if we disagree with you on actual damages, did you make an argument for injunctive or declaratory relief against Mr. Peacock? No, I think what we argued was that there's a violation of the statute. And so I would turn back, Your Honor, to subsection A of the statute, which says that an aggrieved party is somebody who I'm sorry, who says that a person who's been aggrieved by any violation of the statute is basically the person that can bring a civil action and may recover relief as may be appropriate. That transitions into subsection B, which describes among the categories of relief, attorney fees. And so the way that we believe that statute should be read is that if we can prove a violation of the Stored Communications Act, regardless of whether we can establish basis for injunctive relief, regardless of whether we can establish actual damages, we'd still be entitled to recover attorney fees and costs. And that makes sense. Again, you have to look at subsection C, don't you? Because that says in the case of a successful action to enforce liability under this section, the court may assess the cost of the action together with attorney's fees determined by the court. So, I mean, it's not just a freestanding right to attorney's fees, no matter what the outcome of the litigation is, right? Well, I don't agree. And I think that that's certainly not what the other federal courts that have considered this issue have held. But I think it's important to keep in mind that as you read the statute, subsection B delineates between damages and a reasonable attorney fees and costs. Now, subsection C, which describes the damages that are available under the Stored Communications Act, also mentions attorney fees and costs. But I don't think that that section requires an award of actual damages as a prerequisite to an award of attorney fees and costs. I was just going to say, does it require a successful action to enforce liability under the statute? So, I think what it requires is proof of subsection A, which is a violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind. To recover damages, I think there has to be, I would agree that there is. Turning to the district court's failure to show good cause for the amended complaint, could you comment on that? We're looking at an abuse of discretion standard of review, and I just wonder what's kind of your best argument that the court abused her discretion in Absolutely, Your Honor. Just very briefly, the court applied a standard that basically applies when you're considering a motion to amend that's filed out of time. We don't think that it was appropriate after the scheduling order deadline has expired. We don't think it was appropriate to apply that standard because we filed our motion seven days before the extended deadline, as ordered by the magistrate judge, for identifying and serving the unnamed defendant. And as a result... That's not the scheduling order though, and doesn't Gorsuch LTD talk about deadline on the scheduling order, not collateral deadlines that might be contained therein? It does, but I don't understand how we should interpret that order as not being a part of the scheduling order. I believe that the order that extended the deadline for identifying and only be really interpreted as an extension of the deadline to amend at least as to the unnamed defendant. Perhaps not other amendments, but as to identifying and serving those defendants, it must have extended that deadline. The court found that you had the information that you submitted for the identity of Mr. Peacock before the various deadlines had expired. So her argument was there's a lack of diligence in filing a motion for amended complaint. Correct, Your Honor, and that's why the magistrate judge found a lack of good cause. We obviously disagree, as we pointed out in the briefs, because we didn't, until we had an opportunity to review all the information discovery, realize the significance of the information that we had, the photograph. So we didn't believe we could have named those defendants until the point that we did the location. See, I'm out of time. We'd ask you to reverse. Thank you. Right. Thank you, Mr. Ellis. We appreciate that. Let's hear from the appellee, Mr. Swan. Good morning. May it please the court. Despite offering an amended complaint, after an amended complaint, after an amended complaint, appellant never alleged actual damages under the Stored Communications Act, and it is our position that that is independently fatal to the SCA claim. As to the SCA, I'd offer three points. First, the SCA, in fact, requires actual damages before providing relief. And as Your Honor pointed out previously, the plain text is unambiguous on this point. Section 2707C provides, in no case shall a person entitled to recover receive less than $1,000. Once a person becomes entitled to relief, he or she gets $1,000. That's the floor the statute imposes. Now, three of this court's sister circuits have already considered this precise issue, and all three have concluded that relief under the SCA requires actual damages. The Fourth Circuit did so in Van Alstyne. The Eleventh Circuit in Vista Marketing. Attorney for Van Alstyne, didn't the court there also say that there's a freestanding right to attorney's fees if it can show a violation, and that punitive damages don't require actual damages? In reverse order, Your Honor, I would certainly concede that the Van Alstyne case held that punitive damages do not first require a showing of actual damages. And with great respect to the Fourth Circuit, I believe that slightly misinterprets what the SCA textually requires. As to attorney's fees, I think it is admittedly somewhat ambiguous as to the Fourth Circuit's holding in Van Alstyne, as to whether or not in the first instance been demonstrated. Now, of course, I needn't spend much time insofar as the briefing addresses this in great length, but the Supreme Court held in Doe v. Chau, with the Privacy Act of 74, using substantively identical language, that actual damages are a prerequisite. But here... Why isn't what was pleaded, you know, kind of the general prayer for relief and damages under subsection A, why wasn't that good enough to encompass a request for punitive damages? For two reasons, Your Honor. First, we believe that the simple concept that we're in a notice pleading framework here doesn't put the parties in adequate notice that punitive damages, which are certainly the exception, were being sought here. Now, while the appellant's opening brief asserts that Mr. Seale in fact requested punitive damages, that simply is not accurate. But the second issue is that at most, based on the gravamen of the pleadings themselves, Mr. Seale never pled anything more than a technical violation of the Stored Communications Act. And of course, a technical violation doesn't entitle a prevailing party to attorney's fees. This court held as much in Griffin v. SteelTech in 2001, as did the District of Columbia in 2011, and Feld v. Feld. Technical violations are simply insufficient to trigger liability for punitive or exemplary damages. Are you aware of a case that requires the plaintiff to specifically plead punitive damages? Sitting here this morning, Your Honor, I cannot recite a specific case. I will simply assert that, to the best of my knowledge, every case that has considered the specific request for punitive damages requires that it in fact have been made in the operative complaint. I think the timing here is important. In appellant's world, the access to appellant's CTM account occurred in December of 2018. But appellant also argues that he lost certain customers as a result of this access in February, July, and August 2018, months before the alleged access even took place. So as a purely logical matter, as a simple matter of chronology, plaintiff simply hasn't adequately or persuasively alleged the existences of damages in the first instance, much less an entitlement to punitive damages. My second point on the SCA, putting aside the plain statutory text, putting aside the three circuit courts that have held in favor of appellee's position, put aside the Supreme Court's decision in Doe v. Chau, appellant still cannot prevail for want of Article 3 standing, which we believe independently dooms the success of the SCA claim. Not only did appellant fail to demonstrate a single financial loss caused by this alleged access in December of 2018 of the CTM account, appellant didn't even allege that appellee modified, copied, or viewed any specific data within the CTM account. Well, for standing, I mean, don't we look to transunion from the Supreme Court and the type intangible harms that have been traditionally protected through these type of privacy causes of action? I mean, here you've got the private account that he claims was accessed, and he's concerned with the disclosure or reputational harms and an intrusion into his private material. Isn't that enough for Article 3 standing? Well, the Supreme Court has told us that it isn't, Your Honor. In the transunion v. Ramirez case, the intangible harm suffered by the putative class of plaintiffs, the intangible harm alleged therein was held to be inadequate for purposes of triggering Article 3 standing. But if we look the common law, the great bulk of precedent demonstrates that a digital trespass to chattel, such as what the SCA would implicate, is at most a common law tort that requires nonetheless a demonstration of actual harm. It's not a digital. If you say we're limited to looking at trespass to chattels as the common law claim that we're dealing with, but maybe we're looking at an invasion of privacy or intrusion upon seclusion or some of the other more nebulous privacy causes of action. The more nebulous privacy causes of action, Your Honor, were addressed at least in glancing part in the Van Alstyne case, in which, excuse me, the Fourth Circuit held that the closest historical analog is trespass to chattel, which again requires at least some allegation of tangible harm, tangible harm that was never alleged in the facts at bar here. Let me, before you run out of time, I want to turn to the good cause issue and the amendment of the complaint. I've got some trouble. I recognize we've got an abusive discretion standard, and I also recognize that we defer to the court's hill for your opponent to climb, but I'm looking at the scheduling order, and you've got a single deadline for joinder of parties and amendment of pleadings of March 12, 2020. And that is the deadline that the court extended, and I can't think of any conceivable way to identify and serve your now-named John Does without amending the complaint. I mean, as far as I know, it's procedurally impossible to serve these defendants, or in this case, the defendant, with a complaint that doesn't name the defendant. So help me out there. I've got some consternation about this. I understand, Your Honor. Certainly the district court gave Mr. Seale adequate opportunity in three different motions extending the service deadline to serve these, at that point, unknown defendants. I think what's important here in the analysis is that any additional information, any additional evidence upon which appellant might hang his hat to amend the complaint had been in his possession for months. He could have at any point prior to that demonstrated good cause by saying, look, here I was being a diligent litigant. The issue is whether you have to look at good cause at all. That's what they're arguing, is that good cause isn't the standard because she extended the deadline, and we did it before the deadline expired. So I get the argument on good cause. What I'm having trouble with is how you extend a deadline that is a single deadline for naming and serving, joining parties, but somehow you can identify and serve parties without amending the complaint. With great respect, Your Honor, my understanding of the record is that the district court extended the deadline to obtain service on the John Doe defendants, but never extended the deadline to amend substantively the operative complaint. How do you serve a John Doe defendant, his now name, without amending the complaint to insert their name? That's my problem. It seems like it's a catch-22. I certainly agree it is a logical quandary, but I don't think we can analyze that entirely separately from the good cause standard. Your Honor looks as if she's about to ask a question. No, it's just there are two standards depending on whether you were within or without the time in the scheduling order. If he is correct that the scheduling order amendment included amending the complaint because you can't serve without doing that, then you don't look at good cause under our precedent. For the sake of the discussion, let's concede that the catch-22 nature of Your Honor's hypothetical is true. I think, however, any error then that the district court may have committed would have been harmless insofar as the 15A standard would still then need to be analyzed, looking at questions of diligence, even putting aside the question of whether there's good cause in the first instance. We believe the factual record gives the district court a good basis under Rule 15A to deny a motion to leave for want of diligence on the part of the moving party. Let me ask you one more question. Before there was a dismissal with prejudice, was there a requirement to consider whether it would be futile to amend as to the claims? Whether or not there was a requirement, we believe the district court did so, and the district court made specific findings that futility would exist for two reasons, and this is briefed quite extensively in Mr. Peacock's response brief. The first is that even under the proposed third amended complaint, there were inadequate factual assertions under the standard to set forth that Mr. Peacock is, in fact, John Doe. By itself, that futility would warrant dismissal with prejudice. The second is a statute of limitations issue. Now, appellant argues that certain letters sent in November and December of 2017 give rise to the common law claims. Those common law claims have either one or two-year statute of limitations. By the time proposed third amended complaint was filed in late November of 2020, approximately three years had passed. So, again, just as a matter of procedure, such common law claims would be futile for failure to comply with the applicable statute of limitations. There's no relation back because at that point, Mr. Peacock was no longer in the case, and as this court has held several times, including both Watson and Garrett, that John Doe pleading cannot be used to circumvent otherwise applicable statutes of limitations. And so, again, even if the district court should have applied the 4M standard, even if the district court should not have applied the Rule 16 standard, even if the district court improperly, implicitly found that diligence hadn't existed in sufficient quantity, there would still be no point in permitting amendment because it would be futile under both statute of limitations and plausibility grounds. Why wouldn't it have been plausible that Mr. Peacock was one of the Doe defendants, you know, based on the photograph and the other information that was supplied from the car that access the CTM account? Why isn't that plausible, at least? Well, I believe that it is inferable, to use your honor's first words. I do not believe with respect that it is plausible. And of course, Iqbal Twombly requires something more than mere inference. It has to nudge across the line, I believe the wording is, from the possible to the plausible. And after the fact, recollections of a therapy session years ago and suddenly putting two and two together of a photo scene at some non-defined point in the past is so speculative as to exist in the realm of conjecture and not plausible allegations. Because the district court's decisions below contain no reversible error, we ask that they be affirmed in full. Thank you. All right, counsel, I appreciate your arguments. Your time's expired and you're excused. The case will be submitted and under consideration. Thank you very much for your arguments.